UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN S. HUBBARD, KATHLEEN
HUBBARD,

        Plaintiffs,

v.

        Case Number 06-14231-BC
        Honorable Thomas L. Ludington

GEOSTAR FINANCIAL SERVICES,

        Defendant.
_____/

## **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

On April 17, 2007, this Court entered an order denying Plaintiffs Steven and Kathleen Hubbard's motion for summary judgment. On January 18, 2008, the Court supplemented that order and granted in part Plaintiffs' motion, concluding that Defendant Geostar Financial Services Corporation's late election to return shares of stock to Plaintiffs was time-barred by the terms of the parties' contract.

On February 4, 2008, Defendant timely filed a motion for reconsideration under E.D. Mich. LR 7.1(g). There, Defendant argued that the Court erred by failing to permit it to pursue alternative performance that would have minimized its damages, by implying that time of was of the essence in the parties' performance, and by not accounting for Plaintiffs' alleged failure to minimize damages.

Defendant correctly notes the availability of two modes of performance under the terms of the contract. As described in greater detail in the Court's order of January 18, 2008, however, the terms of the contract foreclose one mode of performance, because Defendant did not timely elect to return shares of stock to Plaintiffs. The Court did acknowledge the existence of that mode of

performance, but Defendant's late election to return the shares of stock cost Defendant that manner of performance, relying on the plain language of the contract. Although the contract does not expressly use the phrase "time is of the essence," the nature of the contract provision does involve a critical time constraint. *See MacRitchie v. Plumb*, 245 N.W.2d 582, 585 (Mich. Ct. App. 1976) ("The general rule is that time is not to be regarded as of the essence of a contract unless made so . . . by the nature of the contract itself . . . .") (citation omitted). If the stock price met a certain threshold, then, under the terms of the contract, Defendant had seven calendar days both to elect to return the shares of stock and to do so. Thus, by applying the express terms of the contract, the Court concluded, and remains convinced, that Defendant failed to timely elect to return the shares of stock and, so, lost its opportunity to pursue that mode of performance.

As to Defendant's argument regarding Plaintiffs' duty to mitigate, it raises issues unrelated to Defendant's liability. The valuation of damages remains an issue for a bench trial, at which time Defendant may advance arguments regarding whether Plaintiff failed to mitigate their damages.

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration [dkt #32] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: February 11, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 11, 2008.

                                              s/Tracy A. Jacobs
                                              TRACY A. JACOBS